at all. At this time, would counsel for the appellants please introduce himself on the record to begin. Good morning, your honors. Matt Horvitz for the appellants. Please proceed. I'd like to reserve one minute for rebuttal. Okay. You may. May it please the court that the defendant, Mr. Horvitz, is guilty of the following crimes.  If it please the court, I'd like to address two issues today. The first is that in this case, the case below, the approval of the class action settlement should be reversed because the basis for class certification and approval was the allegation that improper notice of a tip spool was provided and that that cannot confer standing. Second item I'd like to address is that the final approval of the class action settlement should be reversed due to an inherent conflict or at least the appearance of a conflict, including because there was a global settlement of the class action along with three individual cases involving the same defendants, same plaintiff's counsel and the global settlement fund in terms of how the class action settlement payment was determined was from a global settlement fund where the three individual actions, those settlements were subtracted and then the remainder was distributed and allocated to the class. And so at a minimum, there's at least the appearance of a conflict. And for that reason, the court should not have approved the settlement. Okay. But an appearance versus an actual conflict with an appearance, you don't necessarily have to What's the difference or why are they the same, an appearance or a conflict and an actual conflict? Your Honor, the Sandoval case, which was from the Northern District of California, it was citing a Ninth Circuit case, sort of refers to the heightened concern with class actions, Rule 23 matters and the heightened fiduciary duties that a court has to unnamed class members. And at least in the Sandoval case and other cases citing it, the actual conflict or appearance of conflict are viewed in a very similar light. Okay. And you don't have any First Circuit case law, correct? That's correct, Your Honor. Okay. Please continue. And what's your standing to raise this issue? Your client was fine with the representation. So the standing to raise the issue, and I'm not sure if it's actually a standing issue, it's more of a Rule 23 issue. And the concerns, and frankly, I was waiting for that to be the first or second question, because it's a very unique procedural place that we're in. It's odd, if not unusual, for defense counsel to be raising these types of concerns. So I fully recognize that. Regardless of that, the fiduciary duties of the court to unnamed class members, that's not plaintiff or defendant. That's an independent obligation. And while it may be unique for my client to have raised those issues, and any litigant could raise that and bring that to the court's attention, and it's argued that the court erred when it didn't credit that inherent conflict or at least the appearance of a conflict and went ahead and approved the settlement anyway. So at base, you want us to look at this case as we looked at Murray? I'm not sure about that, Your Honor. I mean, the way I'll answer that is the way we would like the court to look at this case is that the enhanced concerns over Rule 23 and the trial court's obligation to unnamed class members, that should take precedence. And regardless if it's plaintiff's counsel, defense counsel, objectors, the source of the concern is less important than what's been raised and whether or not the trial court has discharged its duty to analyze and properly address the potential conflict. Let me ask you, the case had been settled, so why were these claims brought after the settlement? So the number one, while the parties, and there was a dispute over settlement as well. So just to take a step back, there was a dispute whether there was a global settlement or whether there was individual settlements. And there was even confusion by the district court about how settlement occurred. You know, the court initially during its April 2022 status conference, on the record said, I'm going to look at the class action separately. The individual cases are going to be settled separately. And then later, when there was a motion to enforce the settlement, the district court found that a December 2021 email exchange encapsulated the agreement of the parties. And that was a global settlement with a single amount for attorney's fees that could be allocated as plaintiff's counsel saw fit. So I'm confused. On the Rule 23 approval issue, are you or are you not saying that Murray controls our decision? I'm not as familiar with the question you're asking, Your Honor, about how Murray would control or not control. I'd be happy to follow up with the court with sort of a letter supplementing my response to make sure Your Honor has a clear response to our question. Well, so far, as I read your brief and hear you now, you're not contending that Murray controls. I'd like to take a look at that in more detail, Your Honor, and answer your question with a letter. This is your chance. This is oral argument. I understand that. And I just want to say that in terms of the – if I could have more clarity from Your Honor on the question. Our decision in Murray addressed the ability of class counsel to represent differing interests in a settlement. Are you – and I'm just trying to find out if you want us to apply Murray to this case or not. It's our view that in this circumstance where there were differing interests amongst at least the appearance of differing interests, and we may have had actual differing interests amongst the individual and class cases, that counsel could not have had that joint or collective representation. For instance, in the Hamill case, which was one of the individual cases, that involved a restaurant manager. The gist of the manager's claim was that he was misclassified and should have been able to participate in the waitstaff, tip pool, should have received overtime, et cetera. The obverse of that were the class claims. I'm getting a sense you're not familiar with Murray. Not familiar enough to respond to Your Honor directly on that, which is why I'd like to follow up with. Murray involved a settlement of $14 million with one class counsel. Here we have, what, $600,000 with one class counsel. Do you think the difference in the total settlement amount is something we should be concerned about in deciding whether to require that there be additional plaintiff's counsel? In other words, should we consider the ratio between the total damages being split up among the class and the transaction costs of splitting those up that would be represented by bringing in more plaintiff's counsel? Certainly the percentage of attorney's fees looked at collectively is almost 50% from the global settlement. Almost 50% is being allocated to attorney's fees. Fully understanding that there could be transactional costs involved with multiple counsel, but that's something that we weren't even able to address at the lower court, because the judge did not fully address the conflict issue and the parties didn't have an ability to at least craft some type of relief that might have been appropriate to address the conflict issues that were raised. So we didn't even get that far. Any other questions? Okay, and you have one minute rebuttal. In the next ten minutes you may be able to figure out how to answer Judge Gallardo's question. Thank you, Your Honor. Thank you. At this time, would counsel for the appellee please introduce himself on the record to begin? May it please the Court, Jeff Morneau, counsel for the plaintiff appellee Arlita Mung and the certified class. Your Honors, there was no abuse of discretion whatsoever by the lower court. The court in this case looked at every fact and every argument that is being raised before you here today and that was presented to the lower court previously. And the court issued a thorough, well-reasoned, and comprehensive opinion, not just on class certification, but also a preliminary approval and final approval. The court looked at the conflict issues that my brother presents before you today, thoroughly analyzing and requiring plaintiff's counsel to submit documentation supporting the fees and the way in which the Global Settlement Fund was allocated. The court took a look and thoroughly examined whether or not a settlement agreement had been entered into. It reviewed the email correspondence and issued a decision clearly stating that a settlement agreement had been entered into. There is nothing wrong with what happened at the lower court. The defendants in this case have conceded on multiple occasions that even in the briefing before this court today, that all of the cases, the three individual cases and the class action case, were all settled. What happened is post-settlement, the defendants wanted to renege. And they took that opportunity to renege when going forward and trying to put forth the settlement agreements. The three individual settlement agreements for the three individual cases and the class action settlement agreement. In the first time in my history of doing plaintiff's work or class action work for employees and consumers, defendants' counsel refused to begin the process of preparing the class action settlement agreement. Presumably upon advice from his client that he didn't want to go forward with that. As your honors know by having looked through the record, it took a very long time just to get the individual settlement agreements executed. The defendants did nothing but take the opportunity prior to actually signing the agreements to try and get out of it. To get out of this case and to try to get out of these payments. And quite frankly, I think that at this point in time, it appears to me that the defendant, Lynn Simon, is really trying to use this appeal. One, to get out of the settlement, but two, also to try to get something out of this appeals court to go not just back to the lower court to try to re-litigate these cases and get decisions. But also to try to get something out of this court that will help him pursue claims against his former counsel. I don't see anything, I haven't read anything. So the attorney's fees, as I understand it, were on the class, they were 27.2%? They were. And then the judge looked at the individual settlements and assessed the fees on an hourly basis, right? And found them to be reasonable? That's correct. And so the theory that appellants have here, I think the only theory that works is to combine all of that and then apply that against the number of individuals who are involved. Both the class plus the individuals, and then if you combine it, you get to an unreasonable number. So what I want to ask you is, do you know, is there any law anywhere, First Circuit or otherwise, that says when the court is faced with a situation that a class plus individual settlements, I guess I have two questions. One, is there any law that says you should look at it as a whole as opposed to separate settlements? That's number one. And number two, did the appellants squarely address that issue in the lower court, giving the court the opportunity to deal with it? Because I understand that they did not move for a decertification of the class or anything like that. Could you address those two issues? Sure. First, Your Honor, I think that while they technically didn't move for decertification of the class, in their opposition to one of the motions, it may have been the motion to enforce the settlement. It's like one line in a brief. Yeah, one line in a brief. It's not a motion. Correct. Other than that, I'm not aware of any case law about the whole versus the individual settlements. But what I will say is that the judge in this case, under Rule 23, does have an obligation, which the court did take on, to review the entirety of the settlement for the class action. And the rule mandates that the judge not only consider the terms of that agreement, but also any other terms of the settlement. Any other individual agreements that may be associated with the class action. And the court did that. It took a look at those individual agreements. The court wanted to know how much time, effort, energy had been spent on the individual cases versus the class action case. And the reason for the disparity is really in the record. The class action portion of the case really didn't get started until two years after the individual cases had been filed. Not only the three other individual cases, but even our lead-amongst case was only an individual case until approximately two years after it was filed. And up until that time, I would say a significant, without looking through the records, a significant majority of the work, the legal work, had been done. And really all that was left to do was some class discovery, class certification briefing and arguing. And so when you looked at, when the judge appropriately took a look at all of that and broke it down individually between the cases, the judge made a determination that the class action settlement agreement was fair, adequate, and reasonable, including the fee allocation. The judge, in fact, held a fairness hearing, correct? The judge held a fairness hearing, and these issues were raised, and the judge took them into account. Let me say, based on my experience as a district judge, and I held fairness hearings involving much more larger amounts, but what happens is the judge will give every party an opportunity to address these issues. As a matter of fact, if somebody wants to intervene or not have, you know, they have an opportunity. I remember doing that also. So my question is, after that fairness hearing is held, what else is there to do? I think that's usually the end, just the judge will approve, and I submit everything for my approval, or I'll have to, you know, do it on my own. The timing of what we're asking is, in your view, the timing of the appellant's argument, it should have been at the fairness hearing, not after, correct? That's correct. The time to do that would have been at the preliminary approval hearing or the final approval hearing, and to the extent that it wasn't made at, you know, either class certification or the preliminary approval hearing, I think Judge Robertson is right that it was waived. Could you focus a minute on the adequacy of representation issue that's required for Rule 23 approval? As I understand it, there was a global settlement here? There was, Your Honor. And then one of the things class counsel needed to decide was how much of that money goes to the three individual plaintiffs, and how much goes to the class members. That's correct, Your Honor. And you had one lawyer representing the individual members and the class members, and that lawyer had to advise both or neither on how to do it. So you see there's a potential for some tension as to where, in a zero-sum game, where the money goes. How was that handled in a way that would allow us to say it was not an abuse of discretion to allow one class counsel to represent both interests in that transaction? Well, thank you, Your Honor. The judge did look at that because that issue was raised, and the judge wanted to assure herself that it was not an abuse of discretion. She wanted to assure herself that class counsel was adequate. And the judge looked at the arguments that were raised by the defendant in that case, and the judge made a conclusion, in part, based upon the affidavits of each of the individual plaintiffs and the class action plaintiffs in affidavits that were filed, indicating that they were aware of the terms of each of those. And the judge, when the affidavits were filed, Judge Robertson reviewed everything. There was no issue raised by defense at that point that that was inadequate or there was the conflict itself or possible conflict, correct? That's correct, Your Honor. Okay. Let me just also, I made a mistake. I said the judge he, so it's the judge she. So let's assume there was no objection made, but isn't it true that the court has an independent duty to assess the fairness and adequacy of representation? It does, Your Honor. It has to determine that the settlement agreement is fair, reasonable, and adequate, and as part of that analysis, the judge needs to do to make sure that class counsel's representation is and has been and will continue to be adequate. So what was the basis for the split, in other words, the decision as to how much money goes to Group A and how much goes to Group B? The decision was based upon a couple of things, but primarily we're talking about the attorney's fees, and it was determined based upon the time, the load star. No, but not the attorney's fees. I'm talking about the settlement. In other words, in Murray, we had a situation where you had three or four groups of different claimants, and the money had to be split up among them, and we held you need counsel for each group to find adequacy of representation. Here, I think at base, that's probably the argument that's trying to be made by the appellant. And what's the answer as to why one counsel could do this here? Well, here you had, I mean, I think that's a little different. Those are multiple classes, I believe. In this case, you have individual plaintiffs, and I think you can see from the correspondence that prior to the final approval, the individual cases, the Hamill case, the three other individual cases, the amounts allocated to those individuals did not change. From the 22nd to the 23rd, the only issue that they're taking up in this case is not the amounts allocated to either the individual plaintiffs or to the class. Their real issue in this case is about how the attorney's fees were allocated between the class and the attorney's fees that were allocated to the individual settlement agreements. And the judge looked at that, did a thorough comprehensive analysis, and was satisfied. Thank you. Any other questions? Okay. Thank you. One-minute rebuttal. Please reintroduce yourself on the record for your one-minute rebuttal. Matt Horvitz for the appellants. Thank you, Your Honors. I'd like to just address the issue my brother was speaking about. There was a global settlement amount, one pot of money, that needed to be apportioned amongst attorney's fees, amongst three individual cases, and a class action. That's the nub of the inherent conflict issue. But in virtually every class settlement, or a large number of them, there has to be an apportionment between the class members and the attorney's fees. So that can't be the basis for the conflict, or else we'd rarely have any class settlements. Your Honor, if it had only been a class action, if it had just been the Mung case, then I would agree with you. But the fact of the matter is that there was the Mung case condensed within the same umbrella, collapsed with these three other cases, Hamel, Brown, and Harris. And therein lied at least the appearance of a conflict. I'd also like to address Judge Smith's question about when things were raised. Just finish that answer, and your time will be up. From the beginning of when the plaintiff moved to enforce the settlement, the issues with the conflict were raised immediately. There was a request for leave to move to decertify the class. There was some sensitivity because the court had at least entertained the concept of sanctions. So my client did not want to suddenly file a motion to decertify without leave from the court. That was denied. So that goes to your Honor's question about that. And then the other issues with standing and the conflict were raised and repeated throughout the preliminary approval briefing and the final approval briefing. Thank you.